UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: SUBPOENA DUCES TECUM OF PROCHIMIE INTERNATIONAL, INC., AND ANNA MALZ | ) ) ) ) |
| FLEXSYS AMERICA L.P., AND SOLUTIA, INC., | ) ) ) |
| Plaintiffs, | ) ) ) No. 3:16-CV-311-HSM-HBG ) |
| v. | ) ) |
| PROCESS ENGINEERING ASSOCIATES, LLC, *et al.,* | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash the Subpoenas Duces Tecum of Prochimie International, Inc., Mary Ann Roston and Anna Malz [Doc. 61]. In the Motion, Prochimie International, Inc., ("Prochimie") moves the Court for an order quashing the subpoenas to testify and to produce documents pursuant to Federal Rule of Civil Procedure 45(d)(3).[1] The parties appeared before the Court on December 8, 2016, for a motion hearing. Attorney John Beam appeared on behalf of Prochimie. Attorneys Jimmy Miller and Joseph Harvey appeared on behalf of the Plaintiffs. Attorneys Shelly Wilson and J. Douglas Overbey appeared on behalf of Defendants Process Engineering Associates, LLC, and Process Engineering International, LLC

---

[1] The Motion cites to Rule 45(c)(3), but the Court believes that this is a typographical error.

(collectively, "Defendant Process Engineering").

For the reasons explained below, the Court finds the Motion to Quash [Doc. 61] to be well-taken, in part.

I.  BACKGROUND

The Complaint [Doc. 1] in this case was filed on June 9, 2016, alleging misappropriation and threatened misappropriation of trade secrets under the Tennessee Uniform Trade Secret Act and threated misappropriation of trade secrets under the Defend Trade Secrets Act of 2016. The Complaint names the following as Defendants: Process Engineering Associates, LLC; Process Engineering International, LLC; David H. Roberts; David Roberts, LLC; Insolsulf, LLC; John Doe Company One; and John Doe Company Two.[2] The Complaint states that the technology at issue involves the process and equipment of manufacturing insoluble sulfur products, which provide improved properties for the rubber used in tires and other rubber products.

The Complaint alleges that David Roberts worked for Stauffer Chemical Company ("Stauffer") for approximately thirty-seven years. Stauffer was later acquired by the Plaintiffs. The Complaint alleges that in 2011, the owner of Prochimie contacted Roberts and stated Prochimie had an Asian client ("John Doe Co. One") who produced insoluble sulfur products and was interested in expanding operations. The Complaint alleges that John Doe Co. One sub-contracted this project through John Doe Co. Two.

The Complaint states that Roberts agreed to work on the insoluble sulfur project for John Doe Co. One, but he needed assistance from an engineering firm to prepare certain deliverables related to the project. The Complaint alleges that Roberts contacted Defendant Process Engineering in order to assist with implementing, expanding, and improving an insoluble sulfur manufacturing process at John Doe Co. One. The Complaint alleges that Defendant Processing

---
[2] All claims against David H. Roberts, David Roberts, LLC, and Insolsulf, LLC, have been dismissed [Doc. 78].

2

Engineering knew or had reason to know that Roberts knew Plaintiffs' confidential process and had a duty not to disclose trade secrets related to the manufacture of insoluble sulfur products. The Complaint states that Defendant Process Engineering nevertheless agreed to work with Roberts. The Complaint states that in 2012, Roberts, with the assistance of Defendant Process Engineering, disclosed the Plaintiffs' confidential process to John Doe Co. One and Two.

On September 21, 2016, Plaintiffs issued subpoenas duces tecum to Prochimie and its officers, Anna Malz and Mary Ann Rotson. Prochimie has now moved to quash the subpoenas.

**II.     POSITIONS OF THE PARTIES**

The Motion to Quash [Doc. 61] states that the information sought is not relevant to proving a futile claim against Defendant Roberts and that the subpoena is unduly burdensome. Prochimie asserts that the Plaintiffs are not in contractual privity with Roberts and have no restrictions on his activities after his 1983 retirement. Prochimie also asserts that the claims against Roberts are barred because the trade secret statutes were not enacted at the time of his retirement. Further, Prochimie submits that the subpoenas duces tecum seek confidential business information that can affect Prochimie's competitive advantage in the marketplace. Prochimie argues that the Plaintiffs are competitors, although Prochimie has never imported or sold insoluble sulfur to any company.

In addition, Prochimie argues that the requests are clearly beyond the relevant subject involving processes for production of insoluble sulfur. Moreover, Prochimie submits that the requests are unduly burdensome and oppressive to it and its suppliers.

The Plaintiffs responded [Doc. 75] that Prochimie and three of its principal employees played a pivotal role in enticing Roberts to sell his unique knowledge of Plaintiffs' trade secrets. The Plaintiffs assert that they have a number of documents that demonstrate Prochimie's central

3

role in facilitating the sale of Plaintiffs' trade secrets. The Plaintiffs argue that Federal Rule of Civil Procedure 26 permits broad discovery. The Plaintiffs aver that the discovery is "unquestionably relevant" to this case. Moreover, the Plaintiffs state that Prochimie's concerns regarding confidentiality are unwarranted because confidential information is adequately protected by the existing protective order. The Plaintiffs argue that their subpoenas are not an undue burden and that Prochimie's objection to producing documents regarding sales figures and other marketing information is a red herring. Finally, the Plaintiffs state that Prochimie's arguments relating to the merits of Plaintiffs' case are irrelevant and incorrect and that Prochimie made no effort to resolve the instant discovery dispute prior to filing its Motion.

Prochimie filed a Reply [Doc. 73] asserting that the subpoenas are pretext for acquiring market data without independently conducting market research. Prochimie asserts that the documents and information requested extend beyond Plaintiffs' reasonable reach in protecting proprietary equipment designs. In addition, Prochimie argues that Roberts never signed a non-compete agreement and is not in privity of contract with the Plaintiffs.

### III. ANALYSIS

After reviewing the parties' brief and hearing oral arguments, the Court finds Prochimie's Motion well-taken, in part.

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Specifically, Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Further, Rule 26(b)(1) provides, in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011) (quoting Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003)). Courts have recognized that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." Id. (citing Barrington v. Mortgage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, *3 (S.D. Fl. Dec. 10, 2007)).

During the hearing, the Plaintiffs stated that Roberts had admitted to misappropriating the alleged trade secret and that he had already provided to the Plaintiffs the documents he possessed with respect to this case. The Plaintiffs, however, noted that it was important to discover all the companies with which Prochimie shared the alleged trade secret. In addition, the Plaintiffs stated that Defendant Process Engineering is communicating with other companies and that the Plaintiff would like to learn Prochimie's role in such communications. Prochimie agreed that its officers could be deposed and had no objection to producing documents that relate to Defendant Process Engineering. Moreover, Prochimie stated that any technological questions should be linked to Roberts and that documents involving communications with Roberts are fair. In addition, Prochimie agreed to produce the documents before the depositions.

The Court finds that the requests for documents are overbroad. For example, Document Request Number 5 requests from eight companies, "All communication sent to or received from employees, representatives, affiliates, or agents of . . . ." Such a request to a nonparty is

5

overbroad and not proportional to the needs of this case. See Rule 26(b) (explaining that discovery must be relevant to any party's claim or defense and proportional to the needs of the case); see also Rule 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena.").

Accordingly, the Court finds that the Document Requests shall be limited to information with respect to Roberts and/or Defendant Process Engineering offering to provide all or part of their knowledge regarding the alleged trade secret and/or manufacturing thereof. Information regarding marketing, pricing, yield, quality, and capacity **SHALL** be redacted as Prochimie proposed, and Plaintiffs agreed to, at the hearing. The Court also finds that Prochimie **SHALL** produce the responsive documents on or before **December 27, 2016**. As noted above, Prochimie has already agreed to produce the documents before the depositions of its officers.

## IV. CONCLUSION

For the reasons explained above, the Motion to Quash the Subpoenas Duces Tecum of Prochimie International, Inc., Mary Ann Roston and Anna Malz [**Doc. 61**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge

6

Case 3:16-cv-00311-HSM-HBG   Document 81   Filed 12/13/16   Page 6 of 6   PageID #: 1334